Filed 3/12/21  P. v. Young CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B302727 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA005027) |
| v. | |
| MICHAEL LLOYD YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant Michael Lloyd Young (defendant) was convicted of second degree murder for fatally stabbing a taxi driver he mistakenly suspected of stealing his wallet. The jury found true an allegation that he personally used a deadly or dangerous weapon in the commission of the murder. (Pen. Code,[1] § 12022, subd. (b).) The trial court sentenced him, in 1991, to 16 years to life in prison. This court affirmed the judgment on direct appeal. (*People v. Young* (Nov. 13, 1992, B059846) [nonpub. opn.].)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. (See generally *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted Mar. 18, 2020, S260493 [Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) permits, via section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of SB 1437's changes to the murder statutes].) Defendant checked boxes on his form petition indicating he was convicted of second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine.

The prosecution filed a response to defendant's petition and defendant—represented by appointed counsel—filed a reply. The briefing primarily addressed the constitutionality of SB 1437, but both sides briefly discussed whether defendant merited relief under section 1170.95. The prosecution contended defendant was

---

[1] Undesignated statutory references that follow are to the Penal Code.

ineligible for relief because he personally killed the victim. Defendant argued the opposite because, in his words, "[i]t cannot be said that he satisfies all three scenarios of the newly amended [section] 189(e) . . . ."[2]

Neither the prosecution nor defendant presented new or additional evidence at a hearing the trial court held on defendant's section 1170.95 petition. The court denied the petition because it found defendant was the victim's "actual killer" and therefore ineligible for resentencing.

Defendant noticed an appeal from this ruling. This court appointed counsel to represent him and, after reviewing the record, defendant's attorney filed a brief raising no issues. We invited defendant to personally submit a supplemental brief, and defendant submitted a four-page document asserting he suffered from childhood trauma and alcohol abuse and arguing that he should not have been convicted of murder because his blood alcohol level at the time of the killing was likely higher than the level to which both sides stipulated during his murder trial. Defendant's supplemental brief concedes, however, that he is the victim's "'actual' killer."

---

[2]     A person may be convicted of first or second degree murder on a felony murder theory pursuant to section 189, subdivision (e), as amended by SB 1437, if *one* of the following is proven: (1) the person was the actual killer; (2) the person was "not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; or (3) the person was "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

We have "no independent duty to review the record for reasonably arguable issues" in this appeal. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) Although we have no such obligation, we have nonetheless reviewed the appellate record in this case and, in our independent judgment, no arguable issues exist. As to the specific points defendant raises in his supplemental brief, his childhood trauma, alcohol abuse, and blood alcohol level at the time of the offense are not a basis for relief under section 1170.95. Even if all of defendant's assertions are true (and further assuming for the sake of argument that the prosecution proceeded under a theory of felony murder or natural and probable consequences murder during his trial), defendant is still the victim's actual killer.

## DISPOSITION

The trial court's order is affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.

4